**DEFIORE, d. b. a. ACE CONCRETE COMPANY, Plaintiff-Appellee, v. PEFFERS, d. b. a. DOVER COAL & SUPPLY COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23284. Decided March 2, 1955.

Frank Leonetti, Cleveland, for plaintiff-appellee.

Boer, Mierke, Thomas, McClelland & Handy, Cleveland, for defendant-appellant.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By DOYLE, PJ.

This is an appeal from a judgment of $854.68, rendered upon the verdict of a jury in the Municipal Court of Cleveland, Ohio.

The plaintiff (appellee in this court) alleged in his petition that he

was a concrete contractor, and, in the carrying on of his work, purchased concrete from the defendant; one purchase was for a driveway job at 19881 Westway Avenue, Rocky River, Ohio.

Pursuant to an order given by him for a mix known in the business as 1-2-4 (to be used on the job) the defendant, while representing the delivery as a 1-2-4 mix, delivered a mix known as a lean 1-3-5. The 1-3-5 mix was used in the installation, and, because it was not suitable for this kind of construction, "the driveway * * crumbled * * * and was defective," resulting in plaintiff constructing a driveway that was not in accordance with the plans and specifications in the agreement with the property owner. The petition continued by alleging that, as a result of the foregoing, he was required to remove a portion of the driveway and replace it, and "that the reasonable cost of removing part of said driveway and repairing the defect was $391," for which sum the plaintiff prayed judgment.

In a second cause of action, the plaintiff pleaded that he bought from the defendant, concrete for installation on another driveway located on property at 28422 West Oakland Street, Bay Village, Ohio, that the defendant sold and delivered to him a lean 1-3-5 concrete mix, when a 1-2-4 mix was ordered, and the defendant represented the lean 1-3-5 mix as a 1-2-4 mix; that this driveway likewise crumbled and was defective, due to the weak mix, and "that as a result of the defendant's conduct, said driveway will have to be removed and replaced, at a cost of approximately * * * $818.00, and that, by virtue of the facts hereinbefore stated, plaintiff has been damaged in the sum of * * $818.00 for which amount plaintiff prays judgment" against the defendant.

The defendant denied as to each cause of action that he delivered a lean mix, or that he misrepresented the mix delivered. He pleaded that, if a defect arose in the driveways, it was not due to a weak or defective mix delivered by the defendant, but was due to the plaintiff's own negligence. In addition to specific denials of the character noted above, the defendant denied generally the allegations in the petition.

The jury rendered its verdict in the sum of $391.00 on the first cause of action, and in the sum of $454.68 on the second cause of action. Judgment was rendered for $854.68 (There is an obvious error in addition here, because $454.68 + $391.00 = $845.68).

While the technical common law forms of action in this State are abolished by the provision of §2307.02 R. C., that (there) "shall be but one form of action, to be known as a civil action," this code provision does not abolish inherent distinctions between actions ex contractu and ex delicto.

"The character of an action as one in tort or as an action ex contractu is determined by whether it arises from the breach of some agreement of the parties, or from a violation of some duty imposed upon a party by law, independent of contract or the will of either. Clearly, any petition alleging a contract and its breach, seeking recovery of damages for such breach, states an action ex contractu, and not ex delicto * * *."

1 Ohio Jur. 2d, Actions, Sec. 16 at page 273.

It is obvious in the case here under consideration that the action is one in contract and not in tort.

We make the above observation because the court submitted the plaintiff's case to the jury apparently on the theory of contract but for some unknown reason, mixed into it a tort theory. The record speaks as follows:

"The Court: It his been brought to my attention that you will find when you read the answer of the defendant that in his answer he says that if anything was wrong with the construction of the driveways, that it was due to the negligence of the plaintiff; so that you will consider that part, too. In other words, if the plaintiff was negligent in applying this concrete to the driveways why, of course your verdict then would be for the defendant; but that is a question that is up to you people to determine."

This charge, of course, was improper, but, in view of the verdict, it was not prejudicial and was induced by the appellant.

The appellant claims error in the charge of the court in that there was a failure "to separate and state the issues of fact made in the pleadings" and a failure "to charge on the law controlling such issues."

Had this complaint been made to the trial court and a request duly made for additional instructions, and had the court refused to comply, it is probable that the claim of error would be substantial. However, no such request was made and only a general exception was taken to the charge, and under such circumstances, we recognize the case of **Rhoades v. City of Cleveland, 157 Oh St 107,** as controlling. It is there stated in the syllabus:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal. Sec. 11560 GC applied." (Now §2321.03 R. C.)

There was produced, upon trial on the first cause of action, sufficient evidence of probative worth to justify a jury in finding that the defendant breached his contract with the plaintiff in failing to deliver the concrete mix ordered, and that as a result thereof the plaintiff was damaged. There may be applied to circumstances of this kind, the rule stated in Hadley v. Baxendale, 9 Exch. 341, and adopted in this State in a number of cases. See, for instance, **Coal Company v. Cardox Corporation, 152 Oh St 437** at **page 447.** The rule is:

"* * * where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fully and reasonably be considered either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or were such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it."

The jury, as the triers of fact in the first cause of action, found a breach of contract and determined the damages, i. e., the reasonable cost of the replacement by the plaintiff, in the amount of $391.00. We find no error of a prejudicial character of which the appellant can complain influenced this finding.

We now direct attention to the second cause of action which is based upon a claimed breach of contract in the furnishing of concrete mix, for a driveway on another job and at a different address.

The petition charged the violation of an express contract for a specified kind of concrete mix. There is no evidence to justify a conclusion that the mix delivered was not in compliance with the specifications. The evidence of the plaintiff was only that it was a poor mix and the driveway later became defective.. This evidence does not prove that the material delivered was not in compliance with the contract, as alleged in the pet-

ition, nor that damage occurred as the result of a violation of its terms.

The following rule is definite in this state:

It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities, as to any issue in the case, he fails to sustain such burden.

There is nothing in the record to prove that the mix delivered on this job did not comply with the specifications. From the evidence, the unfortunate result could be attributed to any one or more of many causes for which the plaintiff was not responsible.

The judgment rendered on this cause of action will be reversed and final judgment entered for the defendant.

Judgment affirmed on the first cause of action.

Judgment reversed on the second cause of action.

STEVENS, J, HUNSICKER, J, concur.